09-0761-cv, 09-4777-cv
The Heisman Trophy Trust v. Smack Apparel Company

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of May, two thousand ten.

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT A. KATZMANN,
> *Circuit Judges*,
> J. GARVAN MURTHA,[*]
> *District Judge*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

THE HEISMAN TROPHY TRUST,

*Plaintiff-Appellee*,

v.                                                    No. 09-0761-cv, 09-4777

SMACK APPAREL COMPANY,

*Defendant-Appellant*,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**          JAMES W. TILLY, The Tilly Law Firm, Tulsa, OK.

**FOR APPELLEES:**          LAWRENCE B. FRIEDMAN, (Arminda B. Bepko, *of counsel*) Cleary Gottlieb Steen & Hamilton LLP, New York, NY.

---

[*] The Honorable J. Garvan Murtha of the United States District Court for the District of Vermont sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Victor Marrero, *Judge*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Defendant-appellee, Smack Apparel Company, appeals from the following judgments and orders of the District Court: (1) the January 26, 2009 decision and amended order granting the motion of plaintiff, the Heisman Trophy Trust, for a preliminary injunction, (2) the March 9, 2009 order denying defendant's request for additional discovery, (3) the July 17, 2009 decision and order granting plaintiff's motion for partial summary judgment, (4) the October 19, 2009 decision and order awarding plaintiffs attorneys' fees, and (5) the October 20, 2009 judgment of the District Court.

On appeal, defendant argues that the District Court erred as follows: (1) the District Court erred in granting plaintiff's motion for a preliminary injunction, (2) the District Court erred in granting plaintiff's motion for partial summary judgment by failing to draw all inferences in favor of defendant, (3) the District Court erred in denying defendant's motion for additional discovery, and (4) the District Court erred in awarding attorneys' fees that plaintiff had incurred, but that plaintiff had not yet paid. We assume the parties' familiarity with the underlying facts and procedural history of this case.

We first consider whether the District Court erred in granting plaintiff's motion for partial summary judgment and in issuing a permanent injunction against defendant. We review the District Court's grant of summary judgment *de novo. See, e.g.*, *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). We review a District Court's grant of a permanent injunction for abuse of discretion. *Shain v. Ellison*, 356 F.3d 211, 214 (2d Cir. 2004); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or rendered a decision that cannot be located within the range of permissible decisions." (citations, alterations, and quotation marks omitted)). Substantially for the reasons stated in the District Court's thoughtful and thorough decision and order of July 17, 2009, *Heisman Trophy Trust v. Smack Apparel Co.*, 637 F. Supp. 2d 146 (S.D.N.Y. 2009), we conclude that the District Court did not err in granting plaintiff's motion for partial summary judgment and permanently enjoining defendant from using the Heisman Trophy Trust's marks or confusingly similar marks in connection with defendant's goods or services.

Next, we consider whether the District Court erred in awarding attorneys' fees to plaintiff, in accordance with the earlier settlement agreement. Substantially for the reasons stated in the District Court's careful and comprehensive order filed October 19, 2009, *Heisman Trophy Trust v. Smack*

*Apparel Co.*, 665 F. Supp. 2d 420 (S.D.N.Y. 2009), we conclude that the District Court did not err in awarding attorneys' fees to plaintiff.

Finally, we consider whether the District Court erred in denying defendant's motion for additional discovery. We will reverse a district court's denial of a discovery request "only upon a clear showing of an abuse of discretion." *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 51 (2d Cir. 2004). Here, the District Court stayed further discovery pending plaintiff's motion for partial summary judgment on plaintiff's claim that defendant breached the settlement agreement. The discovery that defendant requested was relevant only to defendant's laches and equitable estoppel defenses, and the District Court properly concluded that any discovery related to laches and equitable estoppel defenses were irrelevant to the contract dispute regarding the settlement agreement because the settlement agreement expressly provided that a failure to enforce any right provided under the settlement agreement "shall not be construed as a waiver or relinquishment of the future of such term or right, which shall continue in full force and effect." *See Heisman Trophy Trust*, 637 F. Supp. 2d at 158. Moreover, the party from which the discovery was sought had previously informed the District Court that it did not have documents pertaining to the t-shirts at issue. Accordingly, we conclude that the District Court did not err in denying defendant's request for additional discovery.

**CONCLUSION**

For the reasons stated above, the following orders and judgments of the District Court are **AFFIRMED**: (1) the March 9, 2009 order denying defendant's request for additional discovery, (2) the July 17, 2009 order granting plaintiff's motion for partial summary judgment and entering a permanent injunction against defendant, (3) the October 19, 2009 order awarding attorneys' fees to plaintiff in accordance with the settlement agreement, and (4) the October 20, 2009 judgment of the District Court. Because we have affirmed the District Court's entry of a permanent injunction, defendant's appeal from the January 26, 2009 decision and amended order entering a preliminary injunction is **DISMISSED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk